**JENNIFER S. CLARK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**Fax: (406) 542-1476**
**Email: Jennifer.Clark2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **MARK ALLEN KILGORE,** Defendant. | CR 20-37-M-DWM **BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY ORDER OF FORFEITURE** |

The United States of America, represented by Jennifer S. Clark, Assistant United States Attorney for the District of Montana, has filed an unopposed motion for preliminary order of forfeiture. In support of that motion, the United States sets forth the following facts:

1. On August 6, 2020, a grand jury returned an indictment charging Kilgore with one count of possession of machine gun, one count of possession of

1

unregistered firearms, and one count of firearm with obliterated serial number. The indictment also contains a forfeiture allegation seeking the forfeiture of any firearms and ammunition involved in any knowing violation of 18 U.S.C. § 922(o), 26 U.S.C. §§ 5841, 5861(d), and 5871, and 18 U.S.C. § 922(k).

2. On October 30, 2020, Kilgore pleaded guilty to Count I of the indictment, which charges possession of machine gun in violation of 18 U.S.C. § 922(o). Kilgore also admitted the forfeiture allegation in the Indictment, which sought forfeiture of Kilgore's interest in any firearms and ammunition involved in any knowing violation of 18 U.S.C. § 922(o), 26 U.S.C. §§ 5841, 5861(d), and 5871, and 18 U.S.C. § 922(k).

3. A Preliminary Order of Forfeiture is necessary in order for the Bureau of Alcohol, Tobacco, Firearms, and Explosives and the United States Marshals Service to seize the following property, which is subject to forfeiture:

- See Attachment 1.

4. The evidence set forth in the Offer of Proof filed by the government, in conjunction with Kilgore's entry of guilty plea, provides an ample basis for an order of forfeiture in accordance with 18 U.S.C. § 924(d) and 26 U.S.C. § 5872.

5. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the Court may enter a preliminary order of forfeiture after a verdict has been returned containing a finding that property is subject to criminal forfeiture or if a defendant enters a guilty plea subjecting property to such forfeiture. Rule 32.2 does not

require the Court to await sentencing in order to commence the ancillary proceeding by entering its preliminary order of forfeiture.

6. Upon issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in any of the above-described property and will post notice on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, of the Court's preliminary order and the United States' intent to dispose of the property in such manner as the Attorney General may direct, pursuant to 18 U.S.C. § 924(d) and 26 U.S.C. § 5872 and 21 U.S.C. § 853(n)(1).

Accordingly, the United States respectfully requests this Court to enter the preliminary order of forfeiture tendered herewith, for the reasons set forth above.

DATED this 27th day of January, 2021.

LEIF M. JOHNSON
Acting United States Attorney


*/s/ Jennifer S. Clark*
JENNIFER S. CLARK
Assistant U.S. Attorney

# CERTIFICATE OF COMPLIANCE

Pursuant to local rule, I hereby certify that the foregoing document is proportionately spaced, has a typeface of 14 points or more, and the body of the brief contains 468 words.

DATED this 27th day of January, 2021. p

*/s/ Jennifer S. Clark*
JENNIFER S. CLARK
Assistant U.S. Attorney